| | |
|---|---|
| TIMOTHY GISCOME,<br><br>               Plaintiff,<br><br>     v.<br><br>T. REDMAN, *et al.*,<br><br>               Defendants. | Case No. 1:19-cv-00064-DAD-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO STATE CLAIM<br><br>ECF No. 17<br><br>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

      Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On March 11, 2019, the court screened plaintiff's complaint and concluded that he failed to state a claim because he did not adequately explain which person(s) and action(s) violated his rights. ECF No. 9. The court therefore directed plaintiff to file a first amended complaint ("FAC"). *Id.* at 8. The court screened plaintiff's FAC on May 16, 2019 and concluded that the "FAC contains nearly the same allegations as his original complaint and fails to cure the deficiencies that the court identified in its first screening order." ECF No. 16. The court therefore dismissed the FAC with leave to amend, providing plaintiff "a final opportunity to file a complaint that states a claim." *Id.* at 2.

1

Before the court is plaintiff's second amended complaint ("SAC"). ECF No. 16. Because plaintiff's SAC contains the same deficiencies as his first two complaints, we will recommend that his SAC be dismissed without prejudice.

**I. SCREENING AND PLEADING REQUIREMENTS**

A district court must screen a prisoner's complaint that seeks relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

**II. BACKGROUND**

Prisoners in California Department of Corrections and Rehabilitation ("CDCR") facilities are subject to a classification process that attempts to "take into consideration the inmate's needs,

interests and desires, his/her behavior and placement score in keeping with the Department and institution's/facility's program and security missions and public safety." Cal. Code Regs. tit. 15, § 3375(b). The process assigns numeric values for various factors (such as the commitment offense, prior criminal activity, in-prison disciplinary history, age, and gang affiliation), and the inmate is assigned to a facility based on her classification score, generally with a higher score resulting in placement in a more restrictive facility. *Id.* § 3375(d), (g)(5). In addition to numeric values, the classification process allows for special suffixes to be attached to an inmate's classification score. *See id.* § 3377.1. An "R" suffix is added for an inmate who has committed a sex offense. *See id.* § 3377.1(b).

### III. THE SECOND AMENDED COMPLAINT

The court draws the following facts from plaintiff's second amended complaint, ECF No. 17, and accepts them as true for screening purposes. Plaintiff is incarcerated at Kern Valley State Prison ("KVSP"). *Id.* at 1. Defendant G. Jaime is a deputy warden at KVSP. *Id.* at 2. Defendants T. Redman and C. Gonzalez are correctional counselors at KVSP. *Id.* at 3. Defendant A. Martinez is a correctional captain at KVSP. *Id.*

Prior to August 2017, an "R" suffix was placed in plaintiff's C-file. *See id.* at 3. Sometime during August 17 to 20, plaintiff had a "classification meeting" at which defendants A. Martinez and C. Gonzalez "were present." *Id.* Plaintiff describes what happened during the meeting:

> Plaintiff stated to defendant A. Martinez, that I felt the "R" suffix was causing me a problem because a correctional officer was telling other inmates about the suffix, and showing those inmates the paperwork generated by the [classification committee.] Defendant A. Martinez stated: "well there is nothing we can do about that." Defendant C. Gonzalez then stated: "What are you, scared? Do you want to go to [special needs yard]?" I then said, "I wasn't convicted of a sex offense, why is that on my file?" And [I] asked, "How do I get that off of my file?" Defendant A. Martinez said: "We don't go by your conviction by itself; we use the police report too. Yeah, you were not convicted of that but we know what you did." Defendant C. Gonzalez then said, "I won't tell anybody."

ECF No. 17 at 3-4 (capitalization and punctuation altered).

3

In approximately September 2017, plaintiff spoke to defendant T. Redman about the "R" suffix. *Id.* at 5. Plaintiff told Redman that he "was not convicted for a sex crime, and that [he] knew [Redman] had the authority to forward any case related information to future [committees], so that this situation could be resolved." *Id.* Nonetheless, Redman "took no action." *Id.*

Plaintiff seeks to bring due process and failure-to-protect claims. *Id.* at 3-4. He prays for money damages and for the court to have the suffix removed. *Id.* at 6.

**IV.   DISCUSSION**

Plaintiff's SAC fails to comply with the requirements of 42 U.S.C. § 1983. Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet*, 137 S. Ct. 911, 916 (2017). To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the U.S. Constitution and laws of the United States, and (2) show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To satisfy this second prong, a plaintiff must allege an affirmative link or connection between a defendant's action and the claimed deprivation. *See Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (stating that a person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made'" (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

Here, all defendants are state prison employees who—accepting plaintiff's allegations as true—can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))).

Nonetheless, plaintiff has not plausibly alleged that the actions or omissions of defendants G. Jaime, T. Redman, A. Martinez, or C. Gonzalez caused the alleged deprivations. Plaintiff alleges that he spoke with A. Martinez and C. Gonzalez at a "classification meeting" about his "R" suffix designation. However, plaintiff fails to allege that A. Martinez and C. Gonzalez are

4

members of the classification committee, let alone that these defendants acted to cause the designation or whether they have the duty or authority to remove it.  Likewise, plaintiff alleges that he told Redman about his concerns with the "R" suffix, but he states no facts from which we may infer causation.  Finally, plaintiff states no substantive facts at all about G. Jaime.

Because plaintiff has not properly alleged that any defendant personally participated in the alleged constitutional deprivation, plaintiff has failed to state a claim against any defendant.

### V. CONCLUSION AND RECOMMENDATION

The court has screened plaintiff's SAC and finds that it fails to state a cognizable claim against any defendant.  Because plaintiff has repeatedly failed to cure the deficiencies in his complaint, we recommend dismissal without prejudice.

The undersigned submits the findings and recommendations to the district judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of the service of the findings and recommendations, plaintiff may file written objections to the findings and recommendations with the court.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).  Plaintiff's failure to file objections within the specified time may result in the waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   June 20, 2019

UNITED STATES MAGISTRATE JUDGE

No. 203