UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY GISCOME,<br><br>    Plaintiff,<br><br>v.<br><br>T. REDMAN, *et al.*,<br><br>    Defendants. | Case No. 1:19-cv-00064-DAD-JDP<br><br>ORDER DENYING LEAVE TO AMEND<br><br>ECF No. 21 |

    Plaintiff Timothy Giscome is a state prisoner proceeding without counsel in this civil rights action under 42 U.S.C. § 1983. On June 21, 2019, the court recommended that plaintiff's claim be dismissed for failure to state a claim. ECF No. 18. On August 26, 2019, plaintiff filed a one-page notice, conceding the correctness of the June 21 findings and requesting that the court consider a third amended complaint. ECF No. 21. Plaintiff attached his proposed third amended complaint to the notice. ECF No. 22.

    Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." *See also Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016). "This policy is to be applied with extreme liberality." *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011). The court may decline to grant leave to amend only where there is a strong showing of: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue

1

prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of amendment. *See Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

Here, the court finds that further amendment would be futile, as evidenced by a repeated failure to cure deficiencies in the amendments previously allowed. The court's order screening plaintiff's first amended complaint specifically noted that the court would provide plaintiff with "a *final* opportunity to file a complaint that states a claim." ECF No. 16 at 2 (emphasis added). Despite this warning, plaintiff's second amended complaint was nearly identical to his original complaint and amended complaint, and contained the same deficiencies. *See* ECF No. 18.

In addition, the court notes that plaintiff's proposed third amended complaint, ECF No. 22, also contains these deficiencies. *Compare* ECF No. 22 at 4 *with* ECF No. 17 at 3-6. While the court does not accept this complaint or fully consider the merits, the courts finds that this is further evidence of the futility of further amendment.

Plaintiff's request for further amendment is therefore denied.

IT IS SO ORDERED.

Dated: __February 9, 2020__            _____
                                       UNITED STATES MAGISTRATE JUDGE

No. 205.